## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

CHARLES BILLUE                                                    PETITIONER

v.                                                          No. 3:14CV234-NBB-DAS

WARDEN IRB BENJAMIN, ET AL.                                      RESPONDENTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Charler Billue for a writ of *habeas* corpus under 28 U.S.C. § 2254.  The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2).  The petitioner has not responded to the motion, and the deadline for response has expired.  The matter is ripe for resolution.  For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

Charles Billue is in the custody of the Mississippi Department of Corrections and housed at the Alcorn County Regional Correctional Facility in Corinth, Mississippi, after his conviction in the Circuit Court of DeSoto County, Mississippi for grand larceny.  On June 30, 2009, Billue was sentenced as a habitual offender under § 99-19-81 to serve a term of ten years in the custody of the Mississippi Department of Corrections.  On May 24, 2011, the Mississippi Court of Appeals affirmed Billue's conviction and sentence.  *See Billue v. State*, 64 So. 2d 389 (Miss. Ct. App. 2011), *cert. denied*, September 15, 2011 (Cause No. 2009-CT-1243).  Billue did not file a petition for writ of certiorari in the United States Supreme Court challenging the state court decision affirming his direct appeal.

Billue signed an "Application for Leave to Proceed in the Trial Court on Motion for Post-Conviction Relief Action" and supporting documents on April 3, 2014, which was stamped as "filed"

in the Mississippi Supreme Court on May 30, 2014. The Mississippi Supreme Court denied the

motion on October 2, 2014. Billue did not seek further post-conviction collateral relief in state court.

He filed the instant petition for a writ of *habeas corpus* on October 29, 2014.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or the laws of the United
> States is removed, if the applicant was prevented from filing by such State
> action;

> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or

> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

(2) The time during which a properly filed application for State postconviction or
other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Billue's judgment became final on December 14, 2011 – ninety days after the state's highest

court denied certiorari review of his case (September 15, 2011, plus 90 days). *See Roberts v. Cockrell,*

319 F.3d 690 (5th Cir. 2003); *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999); *see also* 28 U.S.C. §

2101; *Bell v. Maryland,* 378 U.S. 226, 232 (1964)) (time period in which petitioner could file a

petition for writ of certiorari to Supreme Court must be considered in calculating the date on which judgment becomes final). At that point, his federal deadline for seeking *habeas corpus* relief became December 14, 2012. Billue did not seek state post-conviction collateral relief until April 3, 2014, some 475 days after the federal *habeas corpus* limitations period expired. As such, he does not enjoy statutory tolling under 28 U.S.C. § 2244(d)(2), and the federal *habeas corpus* filing deadline remained December 14, 2012.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on October 27, 2014, and the date it was received and stamped as "filed" in the district court on October 29, 2014. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 682 days after the December 14, 2012, filing deadline. Billue has not alleged any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 15th day of April, 2015.

*/s/ Neal Biggers*
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE